IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNIFER TOMES )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>LOANCARE, LLC, EQUIFAX )<br>INFORMATION SERVICES LLC, )<br>TRANSUNION LLC, AND EXPERIAN )<br>INFORMATION SOLUTIONS, INC., )<br>)<br>    Defendants. )<br>                                                              ) | Case No. 6:22-cv-02421-JWB-KGG |

**MEMORANDUM & ORDER ON
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND
<u>MOTION TO STAY DISCOVERY</u>**

Now before the Court is Plaintiff's Motion for Leave to File Amended Complaint (Doc. 38) and Defendant LoanCare LLC's Motion to Stay Discovery (Doc. 27.) For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Amend (Doc. 38) and **DENIES** Defendant's Motion to Stay (Doc. 27).

<u>**BACKGROUND**</u>

Plaintiff filed suit against LoanCare, LLC, *et al*., alleging that Defendants violated the Fair Credit Reporting Act. (Doc. 1, at 9). She brings the present motion seeking to amend her Fair Credit Reporting Act ("FCRA") claim and to add a cause of action under the Kansas Consumer Protection Act ("KCPA"). (*See generally* Doc. 38). Defendant LoanCare LLC (hereinafter "LoanCare") also seeks to stay discovery pending the District Court's ruling on its Motion to Dismiss. (*See generally* Doc. 28).

1

## ANALYSIS

**A.     Plaintiff's Motion for Leave to Amend.**

Plaintiff filed a motion to amend her Complaint to include updated factual allegations as to all Defendants[1] and to add a cause of action under the Kansas Consumer Protection Act as to LoanCare.  (*See generally* Doc. 38).  LoanCare objects to Plaintiff's proposed amendment and asserts that it would be futile.  (*See generally* Doc. 45).  LoanCare contends that Plaintiff's proposed KCPA claim is futile because it is merely "a formulaic recitation of the elements of a KCPA claim" without identifying how LoanCare's actions were unconscionable.  (*Id.*, at 6).

Motions to amend pleadings are governed by Fed. R. Civ. P. 15(a), which provides that a pleading may be amended "once as a matter of course within . . . 21 days after service of a responsive pleading."  Fed. R. Civ. P. 15 (a)(1)(B).  It is undisputed that Defendants have filed their Answers/responsive pleading and more than twenty-one (21) days have elapsed.  As such, the Complaint cannot be amended as a matter of course.

Pursuant to Fed. R. Civ. P 15(a)(2), Plaintiff may thus amend "only with the opposing party's written consent or the court's leave."  Courts are to "freely give leave when justice so requires."  *Id*.  "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits."  **Calderon v. Kan. Dep't. Soc. & Rehab. Servs.**, 181 F.3d 1180, 1186 (10th Cir. 1999).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  **Frank v. U.S. West, Inc.**, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted).

---

[1] LoanCare and Experian information Solutions, Inc. are currently the only remaining Defendants in the case.  Equifax Information Services LLC and TransUnion LLC. have been dismissed from this case.  (*See* Docs. 47 and 48).

Here, Plaintiff seeks to amend her FCRA claim and to add a cause of action under the KCPA as to LoanCare. (*See generally* Doc. 38). In pertinent part, Plaintiff's Amended Complaint adds that her mortgage is insured by the Federal Housing Administration ("FHA"), and as such, alleges that LoanCare's post-forbearance lump sum requirement contradicts policy established by similarly backed Government entities. (Doc. 38, *Exhibit A*, at 3). Plaintiff's Amended Complaint further seeks to clarify the forbearance period by providing that she was not required to make payments on her mortgage until September 2021, not March 2021. (*Id.*, at 4). Finally, Plaintiff alleges that LoanCare violated the KCPA by engaging in acts and omissions that were willful and "part of a pattern of deceptive and unconscionable acts and practices." (*Id.*, at 16).

Defendant LoanCare responds by asserting that Plaintiff's FCRA claim and proposed KCPA claim are futile because "Plaintiff . . . alleges that her forbearance ended in September 21 . . ., which confirms it was accurate for LoanCare, per the CARES Act, to maintain Plaintiff's delinquency at 150 days late through September 2021. . . ." (Doc. 45, at 4). Furthermore, LoanCare argues that Plaintiff's KCPA claim is futile because it fails to satisfy the heightened pleading standard, as required by Rule 9(b) of the Federal Rules of Civil Procedure. (*Id.*, at 5 (citing *Pinkney v. TBC Corp.*, No. 2:19-cv-02680-HLT, 2020 WL 1528544, at *5-6 (D. Kan. Mar. 31, 2020))).

Plaintiff replies that LoanCare has failed to satisfy its burden of showing that the proposed amendments are futile. (Doc. 46, at 2.) First, Plaintiff asserts that its FCRA claim is not futile because "LoanCare reported [Plaintiff] late during a period when she was not required to make payments . . . ." (*Id.*, at 3.) Second, Plaintiff maintains that her KCPA claim is not subject to dismissal because it "go[es] to merits and evidentiary issues which are better suited for

3

summary judgment. Not a Rule 12(b)(6) standard where the well-pleaded facts are taken true and where all reasonable inferences are drawn in Plaintiff's favor." (*Id.*, at 4).

The Court does not agree that allowing Plaintiff to amend her complaint would be futile. The issue of futility is subject to the same standards as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See* **Hirt v. Unified Sch. Dist. No. 287**, 308 F. Supp. 3d 1157, 1165 (D. Kan. 2018) (holding that "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). Many of the issues Defendant LoanCare raises would be more properly raised in a response to a motion for summary judgment. Here, taking all of Plaintiff's well-plead facts as true, the Court finds that her amendments are not futile. *See* **Robbins v. Oklahoma**, 519 F.3d 1242, 1247 (10th Cir. 2008) (holding that a plaintiff must simply "[n]udge their claims across the line from conceivable to plausible in order to survive a motion to dismiss."). Moreover, the Court finds that there is not undue prejudice in allowing an amended complaint to be filed. The Court has yet to hold a scheduling conference and discovery has not begun. For the reasons set forth above, Plaintiff's Motion to Amend is **GRANTED**. The Court's ruling on the futility issues is without prejudice to the presentation of these issues to the District Judge pursuant to Rule 12(b)(6).

**B.    Defendant LoanCare's Motion to Stay Discovery.**

Defendant LoanCare has filed a Motion to Stay discovery until the District Court rules on its Motion to Dismiss. Defendant argues that "imposing a stay now . . . can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending dispositive motion." (*Id.*, at 4 (citing *Schwab v. Kobach*, No. 18-cv-02488-DDC-GEB, 2019 U.S. Dist. Lexis 214120, at *6 (D. Kan. Dec. 12, 2019))). Plaintiff responds that LoanCare has not satisfied its burden of showing why a stay should be granted. (Doc. 42, at

2). Specifically, Plaintiff provides that "LoanCare baldly asserts that refusing a stay would be '[b]urdensome [a]nd [w]asteful.'" (*Id.* (internal quotations omitted)).

Since Plaintiff has been granted leave to amend her complaint, the Court is not able to grant LoanCare's motion to stay based on its current motion to dismiss. As such, the Court is unable to reach a decision on the merits of its motion. Should LoanCare file another motion to dismiss after Plaintiff files her amended complaint, LoanCare may re-file its motion to stay. For the reasons set forth above, Defendant's motion to stay is **DENIED without prejudice**.

**IT IS ORDERED THAT** Plaintiff's Motion to Amend the Complaint (Doc. 38) is **GRANTED** and Defendant LoanCare's Motion to Stay (Doc. 27) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED THAT** Plaintiff file her amended complaint within five (5) days of the date of this Order. Plaintiff is ordered to file her amended complaint substantively unaltered from what is attached to her motion.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 8th day of February 2023.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge