IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNIFER TOMES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOANCARE, LLC et al., )<br>)<br>Defendants. )<br>) | Case No.: 2:22-cv-02421-JWB-KGG |

**MEMORANDUM & ORDER GRANTING MOTION TO STAY**

Now before the Court is the "Motion to Stay Discovery" filed by Defendant LoanCare, LLC (hereinafter "LoanCare"). (Doc. 55). Defendant argues that the case should be stayed because there is a pending dispositive motion which, if granted, would be fully dispositive as to LoanCare. (Doc. 56, at 1). Plaintiff opposes the motion arguing, *inter alia*, that it would not be overly burdensome for LoanCare if discovery were to go forward. (Doc. 59, at 2-3). The Court finds that a stay of discovery is appropriate pending a resolution of LoanCare's motion to dismiss. Defendant's Motion to Stay (Doc. 55) is **GRANTED** for the reasons set forth below.

**ANALYSIS**

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." ***Toney v. Harrod***, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing ***Pet Milk Co. v. Ritter***, 323 F.2d 586, 588 (10th Cir. 1963); ***McCoy v. U.S.***, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." ***Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983). Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion.

*McCoy*, 2007 WL 2071770, at *2; *see also* **Wolf v. United States**, 157 F.R.D. 494, 495 (D. Kan. 1994).

There are, however, recognized exceptions to this policy. A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." **Arnold v. City of Olathe, Kan.**, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). *See also* **Toney**, 2018 WL 5830398, at *1; **Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.**, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013); **Kutilek v. Gannon**, 132 F.R.D. 296, 297–98 (D. Kan. 1990). If one of these circumstances is present, a stay may be appropriate. *Wolf*, 157 F.R.D. at 495. *See also* **Watson v. Unified Sch. Dist. No. 500**, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019).

When determining whether the case would likely be concluded via a dispositive motion, the Court does not need to "state an opinion as to the validity of defendant's motion to dismiss . . . ." *Watson*, 2019 WL 2174132, at *2. Rather, the Court must merely be "satisfied that the case would likely be concluded should [Defendants] prevail on [their] dispositive motion." *Id*.

Plaintiff has not disputed Defendant's assertion that this case would be wholly resolved via the dispositive motions. (Doc. 59.) The case was removed from Wyandotte County on October 17, 2022, and the Court has not yet conducted a scheduling conference. Staying discovery at this stage in the litigation is not unfairly prejudicial to Plaintiff.

Additionally, some of the issues raised in LoanCare's Motion to Dismiss are issues not fully addressed by the Tenth Circuit. The case would benefit from early evaluation by the District Court before this matter proceeds to discovery. Moreover, discovery is not needed for a ruling on the pending motion to dismiss. A stay pending the District Court's ruling on the dispositive motions is thus warranted in this specific instance. The case is stayed in its entirety pending a ruling.

Defendant's Motion to Stay (Doc. 55) is, therefore, **GRANTED** until fourteen (14) days after the District Court rules on Defendant's pending Motions to Dismiss. In reaching this determination, the Court makes no inference or findings as to the potential validity of the arguments raised in Defendant's dispositive motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay (Doc. 55) is **GRANTED**.

IT IS SO ORDERED.

Dated this 5th day of April 2023, at Wichita, Kansas.

                                            s/ KENNETH G. GALE
                                            HON. KENNETH G. GALE
                                            U.S. MAGISTRATE JUDGE